# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CITY OF WILLIAMSPORT, | No. 4:19-CV-00170 |
| Plaintiff, | (Judge Brann) |
| v. | |
| CNA INSURANCE COMPANIES and NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, | |
| Defendant. | |

## ORDER

### MAY 16, 2019

### Background

In January 2014, James David Robinson was involved in a fatal automobile accident with a City of Williamsport police officer.[1] Nancy Robinson Westbrooks (Mr. Robinson's mother) sued the City, alleging that the officer's driving was the cause of the accident. Her complaint argued (1) that the officer's driving was negligent or reckless; (2) that the City's supervision and training of the officer was negligent or reckless; (3) that the officer's actions constituted deliberate indifference to Mr. Robinson's safety, in violation of the United States Constitution; and (4) that the City's actions constituted deliberate indifference to Mr. Robinson's safety, also

---

[1] Complaint (ECF No. 1-2) ¶¶ 11-12.

in violation of the United States Constitution. After the City unsuccessfully moved to dismiss the constitutional claims, it settled with Ms. Westbrooks for $1,000,000.

At the time of the accident, the City was insured by Defendants under two policies, the "Automobile Policy" and the "Law Enforcement Policy," each of which had a $1,000,000 limit. After Defendants refused to provide more than $500,000 total in coverage for the settlement, the City initiated the above-captioned action. Its Complaint (1) seeks a declaration that Defendants must cover the entire $1,000,000 settlement under either the Automobile Policy or Law Enforcement Policy; (2) argues that Defendants' failure to cover the entire settlement breaches the contract of insurance between the City and the Defendants; (3) and argues that Defendants' refusal to cover the entire settlement was done in bad faith. On February 6, 2019, Defendants moved to dismiss the City's complaint.

## Discussion

### *The Automobile Policy*

Defendants argue that their liability under the Automobile Policy is limited to $500,000 because that policy only covers "sums [that the City] legally must pay as damages,"[2] and because Pennsylvania law caps state law tort liability against local

---

[2] Brief in Support at 7.

agencies like the City at $500,000.³ The City points out, however, that the state law tort liability cap does not apply to federal claims against the officer which must be indemnified by the City, or to federal law claims against the City itself.⁴ Because Ms. Westbrooks raised—and eventually settled—such federal claims against and with the City, this Court agrees that Defendants cannot dismiss the City's Automobile Policy claim on this ground.⁵

*The Law Enforcement Policy*

In the alternative, the City argues that the Law Enforcement Policy's coverage for civil rights violations applies to its settlement with Ms. Westbrooks. Defendants

---

3     *See* 42 Pa. C.S. § 8553(b) ("Damages arising from the same cause of action or transaction or occurrence or series of causes of action or transactions or occurrences shall not exceed $500,000 in the aggregate.")

4     *See Wiehagen v. Borough of North Braddock*, 527 Pa. 517 (1991).

5     In their Reply Brief, Defendants argue that coverage should be excluded for the federal law claims since those claims are based on allegations of deliberate conduct and since the Automobile Policy excludes coverage for injuries that are "expected or intended." Reply Brief (ECF No. 11) at 4. Defendants also argue that those federal law claims do not fall within the Automobile Policy's coverage of injuries caused by "accidents," since Pennsylvania law interprets such coverage as applying only to injuries that are "unexpected and undesirable," and not "the natural and expected result of the insured's actions." *Id.* at 4-5 (quoting *Donegal Mut. Ins. Co. v. Baumhammers*, 595 Pa. 147, 158 (2007). For reasons of fairness, this Court does not consider arguments raised for the first time in a reply brief. Defendants are free, however, to raise these arguments at a later date—perhaps in a motion for judgment on the pleadings.

      Also in their Reply Brief, Defendants (innocently?) argue, for the first time, that the City's Complaint alleged only the right to coverage for Ms. Westbrook's *negligence* claims—not for the constitutional claims. *Id.* at 2-3. Without remarking that this argument is too clever by half, the Court will not entertain it due to its absence from Defendants' opening brief. The City should, nevertheless, consider amendment of Count I of its Complaint as noted in the "Disposition" section of this Order.

argue that that policy's automobile exclusion precludes coverage.  This Court agrees with Defendants.

The Law Enforcement Policy covers "sums that the insured becomes legally obligated to pay as compensatory civil damages because of 'injury.'"  That policy goes on to define "injury" to include "personal injury," and to define "personal injury" as "injury, other than 'bodily injury,' arising out of . . . [a] [v]iolation of civil rights."  The Law Enforcement Policy, however, *excludes* coverage for:

> [d]amages arising out of the . . . operation, use, [or] control . . . of any auto[mobile] . . . owned or operated by . . . any insured; or operated by any person on behalf of, or in the course of employment by, an insured.

Pennsylvania courts interpret this language to mean that the policy excludes coverage for damages proximately caused by an automobile.[6]

As noted above, Ms. Westbrooks sought to hold the officer liable for his conduct while driving and the City liable for its supervision and training of the officer.  Pennsylvania courts, however, consider damages arising out of these types of claims as being proximately caused by an automobile.[7]  Such damages, therefore,

---

[6] *See Eichelberger v. Warner*, 434 A.2d 747, 752 (Pa. Super. Ct. 1981) ("[F]or purposes of an exclusionary clause, . . . the words 'arising out of' the use of an automobile . . . [means] those injuries which are proximately caused by the automobile.")

[7] *See National Cas. Co. v. Borough of Wyomissing*, 57 Fed. Appx. 62, 65-66 (3d Cir. 2003) (discussing relevant Pennsylvania cases).

are not covered by the Law Enforcement Policy, and this Court will dismiss the claims that seek recovery under that policy.[8]

*The Bad Faith Claim*

Defendants argue that the City's insurance bad faith claim must fail because, although the City alleged that Defendants lacked a reasonable basis for denying benefits under the policies, the City did *not* allege that Defendants "knew or recklessly disregarded [the] lack of reasonable basis [when] denying the [City's] claim[s]," as required by law.[9] This Court agrees with Defendants, and will dismiss the City's insurance bad faith claim. That dismissal, however, will be without prejudice, and the City may amend its complaint to satisfy the identified deficiency.

Disposition

Therefore, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss, ECF No. 6, is **GRANTED IN PART**, as follows:

   a. Count II of the City's Complaint, ECF No. 1-2 ¶¶ 35-48, is **DISMISSED WITH PREJUDICE**.

---

[8] Because this Court has determined that the automobile exclusion bars coverage for Ms. Westbrooks's claims, this Court need not—and therefore does not—determine whether any of the damages claimed by Ms. Westbrooks would qualify under the policy as "personal injury" in the first place.

[9] *Wolfe v. Allstate Property & Cas. Ins. Co.*, 790 F.3d 478, 498 (3d Cir. 2015).

  b.  Count III of the City's Complaint, ECF No. 1-2 ¶¶ 49-56, to the extent it alleges breach of the Law Enforcement Policy, is **DISMISSED WITH PREJUDICE**.

  c.  Count IV[10] of the City's Complaint, ECF No. 1-2 ¶¶ 57-64, is **DISMISSED WITHOUT PREJUDICE**.

  d.  The motion is otherwise **DENIED**.

2. No later than May 23, 2019, the City may amend Counts I and IV of its Complaint as noted in this Order. If the City does not file an amended complaint by that date, Defendants' answer is due June 6, 2019.

            BY THE COURT:

            *s/ Matthew W. Brann*
            Matthew W. Brann
            United States District Judge

---

[10] Although the Complaint labels this count as "III," it is actually the fourth count in that complaint, and will therefore be referred to as "Count IV."